# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER F. SIMMONS, JR., <br><br> Plaintiff, <br><br> v. <br><br> SHERRI ATKINS, et al., <br><br> Defendants. | Case No. 1:16-cv-01447-BAM (PC) <br><br> ORDER DIRECTING THE CLERK OF THE COURT TO ASSIGN A FRESNO DISTRICT JUDGE <br><br> FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR THE FAILURE TO STATE A COGNIZABLE CLAIM, THE FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE <br><br> (Doc. Nos. 10, 11, 12) <br><br> **FOURTEEN (14) DAY DEADLINE** |

**I.   Introduction**

Plaintiff Walter K. Simmons, Jr., is a state prisoner proceeding *pro se and in forma pauperis* in this civil rights action.

On May 22, 2018, the Court issued an order finding that Plaintiff had failed to state a cognizable claim, and granting Plaintiff leave to file a second amended complaint in this action, or a notice of voluntary dismissal, within thirty (30) days. (Doc. No. 11.) Following Plaintiff's failure to timely file a second amended complaint, the Court issued an order for Plaintiff to either file that pleading or to show cause, within twenty (20) days, why this action should not be dismissed, with prejudice, for failure to obey a court order and failure to prosecute. (Doc. No. 12.) Plaintiff was expressly warned that his failure to respond to the Court's order would result in

1

a recommendation to dismiss this action. (*Id.* at 2.) The deadline for Plaintiff to comply with that order has passed, and he has neither complied with the order or otherwise responded to the Court.

## II. Discussion

### A. Failure to State a Claim

In Plaintiff's first amended complaint, he alleges that he is an elder, advisor, teacher and healer and an indigenous person. The gravamen of Plaintiff's complaint is that he is not allowed to conduct religious ceremonies for himself or other indigenous inmates. Plaintiff seeks to be allowed to conduct sweat lodge ceremonies for himself and other inmates, and to prohibit non-natives from running the ceremonies. No defendants are named.

#### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Plaintiff's complaint is short, but it is not a plain or clear statement of his claims and the factually allegations underlying those claims. Plaintiff's complaint is mainly comprised of conclusory statements that his rights were denied, and that non-natives have no authority or right to interfere with his religious ceremonies, and no defendant is named. This is insufficient to comply with Rule 8 under the standards explained above.

#### 2. Religion

The Free Exercise Clause provides, "Congress shall make no law . . . prohibiting the free exercise" of religion. U.S. CONST. amend I. Inmates retain the protections afforded by the First

2

Amendment, "including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (per curiam)). The First Amendment is made applicable to state action by incorporation through the Fourteenth Amendment. *Everson v. Bd. of Educ. of Ewing Twp.*, 330 U.S. 1, 8 (1947).

However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Id.* (quoting *Price v. Johnston*, 334 U.S. 266, 285 (1948)). A prison regulation may therefore impinge upon an inmate's right to exercise his religion if the regulation is "reasonably related to legitimate penological interests." *Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008) (citations omitted). Thus, prisons may lawfully restrict religious activities for security purposes and other legitimate penological reasons. *Turner v. Safley*, 482 U.S. 78, 89–90 (1987); *Pierce v. County of Orange*, 526 F.3d 1190, 1209 (9th Cir. 2008). Furthermore, the Supreme Court has held that generally-applicable laws that incidentally burden a particular religion's practices do not violate the First Amendment. *Employment Div. v. Smith*, 494 U.S. 872, 878 (1990).

Claims for violation of the Free Exercise Clause of the First Amendment are used to challenge state or government statutes, regulations, and/or established policies. Thus, in order to state a cognizable claim for their violation, a plaintiff must identify an allegedly offending statute, regulation, or established policy. Under *Turner*, the Court considers: (1) whether the restriction has a logical connection to the legitimate government interests invoked to justify it; (2) whether there are alternative means of exercising the rights that remain open to the inmate; (3) the impact that accommodation of the asserted constitutional right will have on other inmates, guards, and institution resources; and (4) the presence or absence of alternatives that fully accommodate the inmate's rights at de minimis cost to valid penological interests. *Turner*, 483 U.S. at 89-91.

De minimis or minor-burdens on the free exercise of religion are not of a constitutional dimension, even if the belief upon which the exercise is based is sincerely held and rooted in religious belief. *See, e.g.*, *Rapier v. Harris*, 172 F.3d 999, 1006 n. 4 (7th Cir. 1999) (the unavailability of a non-pork tray for inmate at 3 meals out of 810 does not constitute more than a

3

de minimis burden on inmate's free exercise of religion). Further, prison officials generally have no affirmative obligations to provide each inmate with the spiritual counselor of his or her choice. *See Ward v. Walsh*, 1 F.3d 873, 880 (9th Cir. 1993); *Reimers v. Oregon*, 863 F.2d 630, 631-32 (9th Cir. 1989); *Allen v. Toombs*, 827 F.2d 563, 567 (9th Cir. 1987).

In this case, although it appears some policy, rule, or regulation prevents Plaintiff from leading sweat lodge ceremonies, he has not identified what policy he is challenging, and therefore he has not stated a cognizable claim based on any unconstitutional policy or practice. To the extent he seeks to base a claim on a prohibition against him as a prisoner leading religious services, he has failed to state such a claim. The Ninth Circuit has recognized that prisoner-led religious services can pose security threats to the prison system, and courts applying the *Turner* factors have rejected First Amendment challenges to prison policies prohibiting inmate-led religious servicers. *See Anderson v. Angelone*, 123 F.3d 1197, 1199 (9th Cir. 1997) ("Nevada's prohibition on inmate-led religious services does not violate the First Amendment."); *see also Davis v. Flores*, 592 Fed. Appx. 569 (9th Cir. 2015) (rejecting First Amendment challenge to prison policy against inmate ministers leading religious services).

## B. Failure to Obey a Court Order and Failure to Prosecute

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

///

4

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, this action has been pending since September 2016, and Plaintiff's second amended complaint is overdue. The Court cannot hold this case in abeyance awaiting compliance with the Court's orders by Plaintiff. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's May 11, 2018 order to show cause expressly warned Plaintiff that failure to comply with that order would result in recommendation to dismiss this action. (Doc. No. 11, at 5.) This warning was repeated in the Court's June 3, 2018 order to show cause. (Doc. No. 12, at 2.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

///

///

///

5

Additionally, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating this case.

### III. Conclusion and Recommendation

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a Fresno District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for the failure to state a cognizable claim, the failure to obey a court order, and the failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 7, 2018__     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE